UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

The Midland Soccer Club,

Plaintiff,

v.                                       Case No.:

FC Midland Corp.,

Defendant.                               **JURY TRIAL DEMANDED**

**PLAINTIFF THE MIDLAND SOCCER CLUB'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff The Midland Soccer Club ("Midland Soccer Club"), by and through its undersigned counsel, and for its Complaint against Defendant FC Midland Corp. ("FC Midland"), hereby alleges as follows:

NATURE OF THE CASE

1. This is an action for: (I) false designation of origin, false description, and unfair competition under 15 U.S.C. § 1125; (II) unfair competition under Michigan law, M.C.L. § 445.903 *et seq*.; (III) trademark infringement under Michigan common law; and (IV) unjust enrichment.

2. This action is based at least in part on Defendant's willful, knowing, persistent, and unauthorized use of a trademark that is likely to cause confusion, mistake, and/or to deceive – and has in fact caused confusion, mistake, and/or deception – as to Defendant's affiliation, connection, or association with Plaintiff.

1

## THE PARTIES

3. Plaintiff Midland Soccer Club is a Michigan nonprofit corporation with its principal place of business at 901 Soccer Drive, Midland, Michigan 48642.

4. Upon information and belief, Defendant FC Midland is a Michigan corporation having a place of business at 336 W. First Street, Suite 113, Flint, Michigan 48502.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims for false designation of origin, false description, and unfair competition (Count I) pursuant to 15 U.S.C. § 1121, as those claims arise under the Lanham Act, 15 U.S.C. § 1125.

6. The claims for unfair competition and trademark infringement under Michigan law (Counts II and III), and for unjust enrichment (Count IV) are so related to the federal claims asserted in this Complaint that they form part of the same case or controversy. Therefore, this Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over the Defendant, which is a corporation formed under the laws of the State of Michigan, has its place of business in, conducts business in, and has committed acts forming the basis of this Complaint, and/or contributed to such acts, in the State of Michigan and in this judicial district. Specifically, Defendant is using in this judicial district a trademark that is likely to cause confusion, mistake, and/or to deceive – and has in fact caused confusion, mistake, and/or deception – as to Defendant's affiliation, connection, or association with Plaintiff.

8. Venue is proper in this judicial district because the claims alleged in this Complaint arose, at least in part, in this district and because this Court has personal jurisdiction over

Defendant. Venue is also proper in this judicial district pursuant to 28 U.S.C. §§ 1391 because Defendant is subject to personal jurisdiction in this judicial district, Defendant has a regular and established place of business in the State of Michigan and in this judicial district, and acts complained of herein occurred in this judicial district.

FACTS RELEVANT TO THE DISPUTE

9. Plaintiff Midland Soccer Club has, since at least as early as 1977, provided for children, adults, and young adults throughout at least the mid-Michigan geographical area various seasonal and year-round services pertaining to the sport of soccer, including, without limitation: recreational soccer leagues; soccer training camps and programs; and regular soccer tournaments. Since at least as early as 1977, the foregoing services have been provided under Plaintiff's trademark, MIDLAND SOCCER CLUB (hereafter "Plaintiff's Services").

10. Plaintiff's services under its MIDLAND SOCCER CLUB trademark are provided, *inter alia*, via extensive physical facilities comprehending over 30 fields across 54 acres.

11. Plaintiff's services under its MIDLAND SOCCER CLUB trademark are provided to thousands of players annually.

12. Under its MIDLAND SOCCER CLUB trademark, Plaintiff annually hosts at least two regional tournaments that draw over 10,000 players and spectators.

13. Plaintiff is a member of the Michigan State Youth Soccer Association (MSYSA), the United States Youth Soccer Association (US Youth Soccer), and the United States Soccer Federation (USSF), affiliations which enhance the renown of Plaintiff's MIDLAND SOCCER CLUB brand to existing and prospective consumers alike.

14. Plaintiff is also affiliated with Scotland's Celtic Football Club, an affiliation which also enhances the renown of Plaintiff's MIDLAND SOCCER CLUB brand to existing and prospective consumers alike.

15. Through various retail outlets, including its own retail store, Plaintiff sells soccer-related merchandise bearing its MIDLAND SOCCER CLUB trademark (hereafter "Plaintiff's Goods").

16. *Inter alia*, Plaintiff advertises and offers for sale its aforesaid services and soccer-related merchandise under the MIDLAND SOCCER CLUB trademark via the website www.midlandsoccerclub.com, as well as via various social media websites.

17. Plaintiff's MIDLAND SOCCER CLUB trademark is associated by the relevant consuming public as a trademark for Plaintiff's Goods and Plaintiff's Services, including by reason of Plaintiff's longstanding and widespread use of the MIDLAND SOCCER CLUB trademark.

18. Defendant FC Midland was founded, and began doing business, in 2020. Under the trademark FC MIDLAND, Defendant FC Midland at least operates men's and women's semi-professional soccer teams, and provides soccer training camps and programs for children and young adults in the mid-Michigan geographical area (hereafter "Defendant's Services").

19. *Inter alia*, Defendant advertises and offers for sale Defendant's Services via the website www.fcmidland.com, as well as via the social media websites used by Plaintiff in the promotion of Plaintiff's Goods and Plaintiff's Services under its MIDLAND SOCCER CLUB trademark.

20. Defendant's semi-professional soccer teams, which play under the FC MIDLAND trademark, are affiliated with the United Women's Soccer League and the United Premiere Soccer

League, both of which entities organize and promote conference play by semi-professional soccer teams in the United States.

21. Defendant FC Midland's soccer training camps and programs for children and young adults, all of which are provided under the FC MIDLAND trademark, are offered and run in direct competition with the services of Plaintiff.

22. The letters "FC" in Defendant's FC MIDLAND trademark stands for, and is readily understood by the relevant consuming public as standing for, "Football Club." "Football" is synonymous with "soccer." Therefore, Plaintiff's MIDLAND SOCCER CLUB trademark and Defendant's FC MIDLAND trademark have identical meanings.

23. Plaintiff's Goods and Plaintiff's Services provided under the MIDLAND SOCCER CLUB trademark are identical, or at least closely related to, Defendant's Services provided under the FC MIDLAND trademark.

24. Moreover, Plaintiff intends to expand its services offered under the MIDLAND SOCCER CLUB trademark to include one or more semi-professional soccer teams. Such expansion of Plaintiff's Services under the MIDLAND SOCCER CLUB trademark would increase the identity and/or relatedness between Plaintiff's Services and Defendant's Services provided under the FC MIDLAND trademark.

COUNT I – FALSE DESIGNATION OF ORIGIN AND
UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

25. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

24. Plaintiff is the owner of the trademark MIDLAND SOCCER CLUB, which it uses in connection with Plaintiff's Goods and Plaintiff's Services.

5

26. Consumers associate Plaintiff's MIDLAND SOCCER CLUB trademark with Plaintiff, Plaintiff's Goods, and Plaintiff's Services; the MIDLAND SOCCER CLUB trademark has come to embody goodwill associated with Plaintiff, Plaintiff's Goods, and Plaintiff's Services.

27. Notwithstanding Plaintiff's long-established rights in the MIDLAND SOCCER CLUB trademark, Defendant began using the name FC MIDLAND in commerce in connection with at least Defendant's Services. Defendant's use of the name FC MIDLAND manifests that Defendant represents to the relevant consuming public that FC MIDLAND is a trademark for at least Defendant's Services.

28. Defendant's use of the FC MIDLAND name for at least Defendant's Services was undertaken with prior knowledge of Plaintiff's MIDLAND SOCCER CLUB trademark and with the intent to create confusion among the relevant consuming public, whether by causing such consumers to believe, contrary to the fact, that Defendant's Services are sponsored, licensed or otherwise approved by, or are in some way connected or affiliated with, Plaintiff, Plaintiff's Goods, and/or Plaintiff's Services, or by causing such consumers to believe, contrary to the fact, that Defendant is selling and offering for sale at least Plaintiff's Services.

29. Defendant's use of the FC MIDLAND name for at least Defendant's Services is likely to create confusion among the relevant consuming public, whether by causing such consumers to believe, contrary to the fact, that Defendant's Services are sponsored, licensed or otherwise approved by, or are in some way connected or affiliated with, Plaintiff, Plaintiff's Goods, and/or Plaintiff's Services, or by causing such consumers to believe, contrary to the fact, that Defendant is selling and offering for sale at least Plaintiff's Services.

30. Defendant's use of the FC MIDLAND name for at least Defendant's Services has caused actual confusion among the relevant consuming public, whether by causing such consumers

to believe, contrary to the fact, that Defendant's Services are sponsored, licensed or otherwise approved by, or are in some way connected or affiliated with, Plaintiff, Plaintiff's Goods, and/or Plaintiff's Services, or by causing such consumers to believe, contrary to the fact, that Defendant is selling and offering for sale at least Plaintiff's Services.

31. Plaintiff has suffered damages as a result of Defendant's use of the FC MIDLAND trademark in an amount to be proved at trial.

32. Plaintiff has suffered, and will continue to suffer, irreparable harm as a result of Defendant's use of the FC MIDLAND trademark, for which there is no adequate remedy at law, unless Defendant's use of the FC MIDLAND trademark is enjoined by this Court.

33. Defendant's use of the FC MIDLAND trademark in violation of Plaintiff's prior rights in the MIDLAND SOCCER CLUB trademark has been and continues to be willful, entitling Plaintiff to at least an award of reasonable attorney's fees, and costs in bringing this action.

## COUNT II –UNFAIR COMPETITION UNDER MICHIGAN LAW

34. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

35. Defendant's use of the FC MIDLAND trademark in violation of Plaintiff's prior rights in the MIDLAND SOCCER CLUB trademark, without Plaintiff's authorization, constitute unfair, unconscionable, or deceptive methods, acts, or practices in conduct of trade or commerce, in violation of M.C.L. § 445.903 *et seq*.

36. Defendant's acts as complained of herein were willful, knowing, and intentional.

37. Defendant has realized pecuniary benefit from its conduct as complained of herein.

38. Plaintiff has suffered damages as a result of Defendant's conduct as complained of herein, in an amount to be proved at trial.

39. Plaintiff has suffered, and will continue to suffer, irreparable harm as a result of Defendant's conduct as complained of herein, for which there is no adequate remedy at law, unless Defendant's said conduct is enjoined by this Court.

40. Defendant's conduct as complained of herein has been and continues to be willful, entitling Plaintiff to at least an award of reasonable attorney fees, and costs in bringing this action.

### COUNT III – TRADEMARK INFRINGEMENT UNDER MICHIGAN COMMON LAW

41. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

42. Defendant's use of the FC MIDLAND name for at least Defendant's Services is likely to create confusion among the relevant consuming public, whether by causing such consumers to believe, contrary to the fact, that Defendant's Services are sponsored, licensed or otherwise approved by, or are in some way connected or affiliated with, Plaintiff, Plaintiff's Goods, and/or Plaintiff's Services, or by causing such consumers to believe, contrary to the fact, that Defendant is selling and offering for sale at least Plaintiff's Services.

43. Defendant's use of the FC MIDLAND name for at least Defendant's Services has caused actual confusion among the relevant consuming public, whether by causing such consumers to believe, contrary to the fact, that Defendant's Services are sponsored, licensed or otherwise approved by, or are in some way connected or affiliated with, Plaintiff, Plaintiff's Goods, and/or Plaintiff's Services, or by causing such consumers to believe, contrary to the fact, that Defendant is selling and offering for sale at least Plaintiff's Services.

44. Defendant's acts as complained of herein were willful, knowing, and intentional.

45. Defendant has realized pecuniary benefit from its conduct as complained of herein.

46. Plaintiff has suffered damages as a result of Defendant's conduct as complained of herein, in an amount to be proved at trial.

47. Plaintiff has suffered, and will continue to suffer, irreparable harm as a result of Defendant's conduct as complained of herein, for which there is no adequate remedy at law, unless Defendant's said conduct is enjoined by this Court.

48. Defendant's conduct as complained of herein has been and continues to be willful, entitling Plaintiff to at least an award of reasonable attorney fees, and costs in bringing this action.

## COUNT IV – UNJUST ENRICHMENT

49. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

50. Defendant's use of the FC MIDLAND trademark in violation of Plaintiff's prior rights in the MIDLAND SOCCER CLUB trademark, without Plaintiff's authorization, has resulted in Defendant being unjustly enriched by receiving a benefit from Plaintiff.

51. An inequity results to the damage and irreparable harm of Plaintiff because of the retention of the benefit by Defendant.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Midland Soccer Club prays for relief against Defendant as follows:

A. Finding that the Defendant has committed the acts of trademark infringement and unfair competition recited in this Complaint;

B. Finding that Defendant engaged in unfair competition and trademark infringement in violation of Michigan law;

C. Finding that Defendant was unjustly enriched as complained of herein;

D. Entry of judgment against Defendant and in favor of Plaintiff on all applicable counts;

E. Finding that Defendant's activities were in all respects conducted willfully, intentionally, and for profit;

F. Entry of an order permanently enjoining Defendant, its officers, agents, and those in active concert or participation with them or any of them, from using in any manner Plaintiff's MIDLAND SOCCER CLUB trademark or the infringing FC MIDLAND trademark, or any confusingly similar or colorable variants thereof, including, without limitation, as domain names, trademarks, services marks, business names, metatags, sponsored advertisement triggers, keywords or other terms used to attract or divert traffic on the Internet or to secure higher placement within search engine search results;

G. That Defendant be ordered, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

  H. An order requiring Defendant to deliver up to Plaintiff for destruction any and all instructions, advertisements, or products relating to the infringements as complained of in this Complaint.

  I. An order, pursuant to 15 U.S.C § 1117, requiring Defendant to account to Plaintiff for any and all profits derived by them, either individually or jointly, and to disgorge such profits, and to pay all damages sustained by Plaintiff by reason of Defendant's actions complained herein, including an award of treble damages as provided for by the statute.

  J. That Plaintiff be awarded punitive damages.

  K. That Plaintiff be awarded both pre-judgment and post-judgment interest on each and every damage award.

  L. Finding that, pursuant to 15 U.S.C. § 1117, Defendant's conduct has been willful and award Plaintiff its reasonable attorney's fees, costs and disbursements of this civil action.

  M. Any other damages and such other further relief as this Court may deem just and proper.

Respectfully submitted,

DICKINSON WRIGHT PLLC

BY:  s/Chris Mitchell
   Christopher A. Mitchell, Esq.
   200 Ottawa Ave., N.W.,
   Suite 1000
   Grand Rapids, MI 49503
   (616) 336-1058

Attorneys for Plaintiff